United States District Court  
District of South Carolina

RECEIVED  
USDC CLERK, CHARLESTON, SC  
2005 JUN -8  A 9: 30

| | |
|---|---|
| Tim H. Gilmore *(aka Henry Tim Gilmore, Tim Henry Gilmore)*, #1210606; | C/A No. 2:05-1563-DCN-RSC |
| Plaintiff; | |
| vs. | **Report and Recommendation** |
| Erika Harrison (9462); M. Williams (Nurse); and Pam Caldwell (Head Nurse); | |
| Defendants. | |

The Plaintiff, Tim H. Gilmore (hereafter, the "Plaintiff"), is a pre-trial detainee proceeding *pro se*. He seeks relief pursuant to Title 42 United States Code §1983. Under the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review all pretrial matters in prisoner cases filed under 42 U.S.C. §1983 and submit findings and recommendations to the District Court.

## BACKGROUND

The Plaintiff is presently in custody of the Charleston County Detention Center (CCDC). He has been charged with Strong Arm Robbery.[1] Plaintiff alleges that Defendants Williams and Caldwell — members of the CCDC medical staff — have withheld medication and on one occasion administered the wrong medicine. He also alleges that these Defendants have mistreated him, seeking to "take advantage of a mentally retarded person." [1-1, p. 4.]

---

[1] — Current records of the Charleston County Court of General Sessions are available at the website maintained by the County <http://www3.charlestoncounty.org>. This records reflect that the Plaintiff was arrested on October 4, 2004. A preliminary hearing was conducted on December 20, 2004. Other pre-trial filings have been made since that time.

1

As a second claim, Plaintiff alleges that the Defendant nurses have conspired with the third Defendant to divulge information from his medical records. This third Defendant, Erika Harrison, is an attorney licensed to practice law in South Carolina. She is a member of the Hood Law Firm in Charleston, South Carolina.

Defendant Williams has also been named by the Plaintiff in two other actions pending in this Court. See Gilmore v. Austin, et al., 2:05-0194-DCN-RSC (D.S.C. 2005), and Gilmore v. Triplet, et al., 2:05-1375-DCN-RSC (D.S.C. 2005). This court may take judicial notice of its own records in this prior case. Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989)("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'"); Shoup v. Bell & Howell, 872 F.2d 1178, 1182 (4th Cir. 1989); Daye v. Bounds, 509 F. 2d 66 (4th Cir. 1975); Mann v. Peoples First National Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties).

The Hood Law Firm is representing Defendant Williams in Gilmore v. Austin, supra. On May 9, 2005, Defendant Harrison signed and filed a Motion to Dismiss Nurse Williams from that action. It is clear that Plaintiff learned of her role in that case from the filing of the motion. Thus, the Plaintiff alleges deliberate indifference to a serious medical need against Defendants Williams and Caldwell. He also claims that these two Defendants made an unauthorized disclosure of his medical information to Defendant Harrison and that she, in turn, has somehow violated his rights by participating as described in Gilmore v. Austin, supra. He seeks to recover Four Million Dollars ($4,000,000.00) in damages from the Defendants.

## *PRO SE* COMPLAINT

The Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Hughes v. Rowe, supra. Even under this less stringent standard, however, a *pro se* complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## **FAILURE TO STATE A CLAIM**

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant(s) deprived him or her of a federal right, and (2) did so under color of state law. See Gomez v. Toledo, 446 U.S. 635, 640 (1980); and American Mfr. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50-52 (1999). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. See Deas v. Potts, 547 F.2d 800 (4th Cir. 1976)(private attorney); Hall v. Quillen, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980)(court-appointed attorney); and Polk County v. Dodson, 454 U.S. 312, 317-324 & nn. 8-16 (1981)(public defender).

3

Legal malpractice or other tortious action cannot support a recovery under 42 U.S.C. §1983. Fletcher v Hook, 446 F. 2d 14 (3rd Cir. 1971); Smith v Clapp, 436 F. 2d 590 (3rd Cir. 1970). Negligence and legal malpractice are causes of action under South Carolina common law. See Brown v. Theos, 550 S.E. 2d 304 (S.C. 2001); Mitchell v. Holler, 429 S.E.2d 793 (S.C. 1993); Yarborough v. Rogers, 411 S.E.2d 424 (S.C. 1991). A civil action for negligence and legal malpractice would be cognizable in this Court under 28 U.S.C. § 1332 (the "diversity" statute), if the statutory requirements are satisfied. See Cianbro Corporation v. Jeffcoat and Martin, 804 F. Supp. 784, 788-91 (D.S.C. 1992). It is clear from the allegations contained in the Complaint, however, that the Plaintiff and Defendant Harrison are both citizens of South Carolina, thus precluding any diversity jurisdiction in this case.

## RECOMMENDATION

Under 28 U.S.C. § 1915, an indigent litigant may commence an action in federal court without paying the administrative costs of proceeding with the action. However, to protect against possible abuses of this privilege, the statute directs that a district court "shall dismiss" a case upon a finding that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Even applying liberal construction to the Plaintiff's Complaint, it is clear that he has failed to state a claim against Defendant Harrison upon which this Court could grant relief.

Defendant Harrison should not be required to answer this Complaint. It is therefore recommended that she be dismissed as a party defendant without issuance or service of process. Without suggesting any opinion as to the merits of claims made against the remaining Defendants, the undersigned is satisfied that a claim of deliberate indifference to a serious

4

medical need could support an action under 42 U.S.C. § 1983. Therefore the Order filed with this Report directs that Defendants Williams and Caldwell be served.

    Plaintiff's attention is directed to the Notice on the following page.

Robert S. Carr
United States Magistrate Judge

June 7, 2005
Charleston, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are not sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded pro se in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a pro se litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger de novo review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

6