United States District Court
District of South Carolina

RECEIVED
USDC CLERK, CHARLESTON, SC

2005 DEC 12  A M: 17

| | |
|---|---|
| Tim H. Gilmore *(aka Henry Tim Gilmore, Tim Henry Gilmore)*, #1210606;<br><br>                Plaintiff;<br><br>vs.<br><br>Erika Harrison (9462); M. Williams (Nurse); and Pam Caldwell (Head Nurse);<br><br>                Defendants. | C/A No. 2:05-1563-DCN-RSC<br><br>**Report and Recommendation** |

The Plaintiff, Tim H. Gilmore (hereafter, the "Plaintiff"), is a pre-trial detainee proceeding *pro se*. He seeks relief pursuant to Title 42 United States Code §1983. Under the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review all pretrial matters in prisoner cases filed under 42 U.S.C. §1983 and submit findings and recommendations to the District Court.

## BACKGROUND

Plaintiff is presently in custody of the Charleston County Detention Center (CCDC). Plaintiff alleges that Defendants Williams and Caldwell – members of the CCDC medical staff – have withheld medication and on one occasion administered the wrong medicine. He also alleges that these Defendants have mistreated him, seeking to "take advantage of a mentally retarded person." [1-1, p. 4.] As a second claim, Plaintiff alleges that the Defendants conspired with a third Defendant to divulge information from his medical records. He seeks to recover Four Million Dollars ($4,000,000.00) in damages from the Defendants.

Plaintiff's Complaint in this action included Erika Harrison as the third Defendant. Ms.

1

Harrison is an attorney licensed to practice law in South Carolina and a member of the Hood Law Firm in Charleston, South Carolina. In a Report filed on June 8, 2005, the undersigned recommended dismissal of Defendant Harrison because she could not be named as a person acting under color of state law for purposes of an action under 42 U.S.C. § 1983. Plaintiff filed no objections to the Report. On July 20, 2005, the Honorable David C. Norton, United States District Judge for the District of South Carolina, adopted the Report and Defendant Harrison was dismissed as a party defendant.

Defendants Williams and Caldwell were served in this action and have made timely appearance. On October 6, 2005, these Defendants filed a Motion for Summary Judgment. Under Roseboro v. Garrison, 528 F. 2d 309 (4th Cir. 1975), the undersigned filed an order advising Plaintiff of the summary judgment procedure and the consequences of failure to respond thereto. On October 12, 2005, Plaintiff filed a single page which contained the following response:

> In concern [sic] to Docket # C/A 2:05-1563-DCN-RSC, I would like this suit be in favor of myself under grounds of due process and also under the grounds of perjury in the court of law. They are trying to take advantage of a person with a sixth grade education. To also further on the case I would request all parties involved to take a polygraph test to prove my case against CCDC medical staff's treatment. This on the motions brought by the Hood Law Firm on October 6, 2005, Phone # 843-577-4435.
> The Defendants in this matter have broken the law and should be punished.

[14-1.] This matter is ready for disposition.

## PREVIOUS DISMISSALS

In this Court, Plaintiff has filed eight (8) *pro se* actions in the past eleven (11) months. See Gilmore v. Howard, et al., 2:05-3183 (D.S.C. 2005); Gilmore v. Frazier, et al., 2:05-2079 (D.S.C. 2005); Gilmore v. Harrison, et al. 2:05-1563 (D.S.C. 2005); Gilmore v. Triplet, et al.,

2:05-1375 (D.S.C. 2005); Gilmore v. Inzerillo, 2:05-1106 (D.S.C. 2005); Gilmore v. Wynn, 2:05-0703 (D.S.C. 2005); Gilmore v. Austin, 2:05-0194 (D.S.C. 2005); Gilmore v. Sink, 2:05-0128 (D.S.C. 2005), *aff'd* 140 Fed. Appx. 473 (4th Cir. 2005).

It has come to the attention of this Court that Plaintiff has also filed a number of actions under 42 U.S.C. § 1983 in the Eastern District of North Carolina. See Gilmore v. Amy, et al., 5:01-0455-BO (E.D.N.C. 2001); Gilmore v. Street, et al., 00-0950 (E.D.N.C. 2000) dismissed as frivolous; Gilmore v. Raper, et al., 99-0782-5-BR (E.D.N.C. 1999), *aff'd* 225 F. 3d 654 (4th Cir. 2000) dismissed as frivolous; Gilmore v. Strickland, et al., 98-0829-5-BR (E.D.N.C. 1998) dismissed for failure to state a claim, *aff'd* 211 F. 3d 1264 (4th Cir. 2000); Gilmore v. Brown, et al., 98-0063-5-BO (E.D.N.C. 1998) dismissed for failure to state a claim, *aff'd* 225 F. 3d 654 (4th Cir. 2000); Gilmore v. Harris, 4:96-0598 (E.D. N.C. 1996); Gilmore v. Harris, 4:96-0077 (E.D. N.C. 1996).[1] Plaintiff filed an action in the Western District of Oklahoma as well, which was dismissed when he failed to file documents required by the Prison Litigation Reform Act (PLRA) of 1996. See See Gilmore v. Morris, 5:01-1425 (W.D. Oklahoma 2001).

Federal courts, in appropriate circumstances, may take notice of their own records and also proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue. Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989). This doctrine is so well settled that only a limited citation of authorities is possible here. Green v. Warden, U.S. Penitentiary, 699 F.2d 364, 369 (7th Cir. 1983); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th Cir. 1980); St. Louis

---

[1] – The docket records for these cases are accessible at the Public Access to Court Electronic Records (PACER) website maintained by the United States District Court for the Eastern District of North Carolina. See <https://ecf.nced.uscourts.gov>.

3

Baptist Temple v. F.D.I.C., 605 F.2d 1169, 1172 (10th Cir.1979); Barrett v. Baylor, 457 F.2d 119, 124 n. 2 (7th Cir.1972); United States ex rel. Geisler v. Walters, 510 F.2d 887 (3rd Cir. 1975); Rhodes v. Houston, 309 F.2d 959 (8th Cir. 1963); St. Paul Fire & Marine Insurance Company v. Cunningham, 257 F.2d 731 (9th Cir. 1958).

There are striking parallels between the actions brought in this Court by Tim H. Gilmore against the CCDC medical staff and the North Carolina cases listed above. The North Carolina complaints alleged that medical staff was withholding medication and/or dispensing the wrong medicine. Henry Gilmore described himself as HIV-positive. He accused defendant nurses of becoming angry and abusive. Plaintiff in this action makes identical claims.

As an attachment to his complaints in Street, supra, and Strickland, supra, Henry Gilmore provided a copy of a North Carolina Department of Corrections psychological evaluation which reported that his IQ was 72 (Borderline) and that Gilmore was "illiterate and needs assistance with letters, legal work and understanding his case." Henry Gilmore was described as "sceptical [sic] about his medications" and suspicious of any change in prescription. The evaluator, Elliott Brown, stated: "For the most part, this inmate was easy to get along with and respectful...." He added, however, that Henry Gilmore "would blow things out of proportion and make things difficult for himself (had trouble understanding) and for staff." Henry Gilmore attached voluminous grievances to his § 1983 complaints, frequently alleging that medical staff gossiped about his mental health. He described himself as "scitsafrantic."

In this Court, Plaintiff similarly has described himself as illiterate, relying on other inmates to write his pleadings. See Gilmore v. Inzerillo, 2:05-1106-DCN, Docket Entry # 1, p. 4. In his present action, he accuses the three defendants of exploiting his mental illness – they

"tryed [sic] to use it to their advantage." [Docket Entry # 1, p. 4.]

Based on the foregoing, Plaintiff cannot maintain this action under the PLRA, a significant provision of which is codified as 28 U.S.C. §1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In Gilmore v. Amy, et al., supra, the Honorable Terrence W. Boyle, Chief United States District Judge for the Eastern District of North Carolina, entered an order of dismissal pursuant to 28 U.S.C. § 1915(g). Chief Judge Boyle found:

> The Plaintiff has filed numerous complaints in this federal judicial district. At least three previous cases filed by the Plaintiff, *Gilmore v. Strickland*, 5:98-CT-829-BR (E.D.N.C., J. Britt, dismissed 11/16/99), *Gilmore v. Raper, et al.*, 5:99-CT-782-BR (E.D.N.C., J. Britt, dismissed 3/8/00), and *Gilmore v. Street*, 5:00-CT-950-H (E.D.N.C., J. Howard, dismissed 1/29/01), were dismissed as frivolous or for failure to state a claim.

Finding further that Gilmore had failed to allege imminent danger of serious physical injury, Chief Judge Boyle concluded that the plaintiff could not maintain his action. In common parlance a dismissal of an action as frivolous or failing to state a claim is known as a "strike" under the PLRA. Henry Gilmore had "struck out."

Plaintiff in the present action is the same Gilmore. He is barred from bringing the present action because of his prior dismissals in North Carolina. Plaintiff does not allege (nor does his evidence suggest) that he is in imminent danger of serious physical injury.

Were this Court to consider the merits of this action, a dismissal would also be appropriate since the medical records filed by the Defendants demonstrate that Plaintiff has not suffered from deliberate indifference to serious medical conditions. See Docket Entry 11-2

5

herein. To the contrary, the record compels a conclusion that Plaintiff has received adequate attention to his various medical needs, including HIV and his mental condition.

The claim that Defendants made an unauthorized disclosure of his medical information is frivolous. In the Report filed by the undersigned, recommending dismissal of Defendant Harrison, it was noted that Plaintiff had already sued Defendant Williams in prior cases. He alleged that she had denied him medical care. See Gilmore v. Austin, et al., supra, and Gilmore v. Triplet, et al., supra. In those cases, Attorney Erika Harrison appeared as a member of the Hood Law Firm, attorneys for Defendant Williams. Given the record of the prior litigation, Plaintiff cannot object to Defendants' sharing his medical information with their attorney(s). Both of Plaintiff's claims in this case lack merit.

## RECOMMENDATION

It is recommended that summary judgment be granted to the Defendants and that this action be dismissed in its entirety under 28 U.S.C. § 1915(g). The Plaintiff has sustained at least three previous dismissals of actions which were either frivolous or failed to state a claim. It is also recommended that this dismissal also be deemed "frivolous" as provided by 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff's attention is directed to the Notice on the following page.

Honorable Robert S. Carr
United States Magistrate Judge

Date: 12/9/05
Charleston, South Carolina

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are not sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded pro se in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a pro se litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger de novo review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**
